IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GONZALO MURILLO, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:06cv765-ID |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a motion under FED.R.CIV.P. 60(b)(4) filed by federal inmate Gonzalo Murillo, Jr. ("Murillo"), on August 9, 2006 (Doc. No. 1).[1] By his motion, Murillo challenges the conviction and sentence imposed upon him by this court in 2002 for conspiracy to distribute cocaine base and marijuana. For the reasons that follow, the court construes Murillo's motion as motion for relief under 28 U.S.C. § 2255 and concludes that he is not entitled to any relief.

**I. DISCUSSION**

In his motion, Murillo contends that (1) the Controlled Substances Act was never properly enacted and consequently his conviction is void, and (2) his sentence was enhanced based on judge-made findings in violation of the holdings of *Apprendi v. New Jersey*, 530

---

[1] Although Murillo's self-styled Rule 60(b)(4) motion is date-stamped "received" on August 24, 2006, the court, under the "mailbox rule," deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, August 9, 2006, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). (Doc. No. 1 at p. 6.) Murillo's claims clearly attack his conviction and sentence rather than the integrity of this court's judgment denying an application for habeas relief previously filed by Murillo. Accordingly, Murillo's reliance on Fed.R.Civ.P. 60(b)(4) as a vehicle for seeking relief in this case is unavailing. *See Gonzalez v. Crosby*, 545 U.S. 524, ___, 125 S.Ct. 2641, 2646-47 (2005); *El-Amin v. United States*, No. 05-1276, 2006 WL 771182 (11th Cir. Mar. 28, 2006) (unpublished); *United States v. Terrell*, No. 02-14997, 141 Fed.Appx. 849 (11th Cir. Jul. 19, 2005) (unpublished). *See also United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (" Rule 60(b) simply does not provide for relief from judgment in a criminal case.") (internal quotations and citation omitted).

Because the claims asserted by Murillo challenge the fundamental legality of his conviction and sentence, he seeks relief from this court that is appropriate only under 28 U.S.C. § 2255. *See Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Thus, regardless of Murillo's own labeling of the instant motion, this court finds that his motion is of the same legal effect as, and should be construed as, a *motion to vacate, set aside, or correct sentence* under 28 U.S.C. § 2255. *See United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) (federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

This is the second § 2255 motion that Murillo has filed attacking the conviction and sentence imposed upon him by this court in 2002. Murillo's first § 2255 motion was filed on November 20, 2004. This court denied that motion, ruling that it was time-barred under the one-year period limitation of 28 U.S.C. § 2255. *See United States v. Murillo*, Civil Action No. 2:04cv1162-ID: Feb. 7, 2006, Recommendation of the Magistrate Judge (Doc. No. 15), adopted as Judgment of the Court by Order of Feb. 23, 2006 (Doc. Nos. 16 & 17). Thus, treating Murillo's instant motion as one under 28 U.S.C. § 2255, this would be a second or successive § 2255 motion.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[2] *See* 28 U.S.C. § 2255 ¶8.

---

[2]As indicated above, one of Murillo's claims is premised, in part, on *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). However, the Eleventh Circuit Court of Appeals has held that *Booker* does not apply retroactively to cases on collateral review. *See Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005) (initial § 2255 proceedings); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (second or successive applications). Thus, in addition to the statutory bar on which this Recommendation is based, Murillo cannot prevail on the merits of his *Booker*-based claim.

The pleadings and documents in this case reflect that Murillo has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Murillo's present motion, and the motion is due to be summarily dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Murillo on August 9, 2006 (Doc. No. 1), be denied and this case dismissed, as Murillo has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **September 27, 2006**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on

appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

    Done this 14th day of September, 2006.


                                            /s/Charles S. Coody
                              CHARLES S. COODY
                              CHIEF UNITED STATES MAGISTRATE JUDGE