Gonzalo: Murillo, Lawful man
c/o #10694-002, Federal Correctional Institution
Post Office Box 3007
1299 Seaside Avenue
Terminal Island, at California 90731
In Propria Persona

RECEIVED

2006 OCT -3 A 9: 38

IN THE DISTRICT COURT OF THE UNITED STATES

IN AND FOR THE MIDDLE DISTRICT OF THE ALABAMA REPUBLIC

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., Gonzalo: Murillo, in esse, One of the people of California and the united States of America,<br><br>Intervenor,<br><br>GONZALO MURILLO, and any and all derivatives or variations of spelling thereof,<br><br>Petitioner,<br><br>vs.<br><br>Charles S. Coody, in esse, d/b/a UNITED STATES DISTRICT COURT JUDGE, Representing the UNITED STATES OF AMERICA,<br><br>John or Jane Doe, in esse, d/b/a ASSISTANT UNITED STATES ATTORNEY, Representing the UNITED STATES OF AMERICA,<br><br>Terry F. Moorer, in esse, d/b/a ASSISTANT UNITED STATES ATTORNEY, Representing the UNITED STATES OF AMERICA,<br><br>Respondents/Defendants. | Case No. 2:06-CV-765 - ID<br><br>INTERVENORS AND PETITIONER/DEFENDANTS RESPONSE TO THE RECOMMENDATIONS OF CHARLES S. COODY SEEKING VACATION OF A VOID ORDER OR RECOMMENDATION UNDER TITLE 28 OF THE UNITED STATES CODE, SECTION 636(c)(1) |

COMES NOW, Gonzalo: Murillo, in esse, ex rel., UNITED STATES OF AMERICA, the Intervenor and Federal Witness herein, and as Authorized Representative and Attorney in Fact for the Petitioner, GONZALO MURILLO and moves this Court to vacate the Recommendation of the Magistrate Judge (RMJ), Charles S. Coody as being void on its face.

I. DISCUSSION

A. JURISDICTIONAL STATEMENT

1. On September 18, 2006, Petitioner was served with the RMJ from the Court, which afforded him until September 27, 2006 to file any objections, which resulted

Page 1

in this pleading.

    2. Jurisdiction is invoked under <u>STEEL CO. vs. CITIZENS FOR A BETTER ENVOR-MENT</u>, 523 U.S. 83, 140 L.ed.2d 210, 118 S.Ct. 1003 (1998); <u>GONZALEZ vs. CROSBY</u>, 545 U.S. ---, 162 L.Ed.2d 480, 125 S.Ct. --- (2005); and FEDERAL RULES OF CIVIL PROCEDURE (FRCP), Rule 60(b)(4).

B. <u>PRESENTMENTS</u>

    1. That the Intervenor was never sufficiently served with process in civil action 2:06-CV-00756 -ID- CSC, a violation of FRCP, Rule 12(b)(5).

    2. Intervenor is not mentioned in the caption of the pleading from the Court, for which the Intervenor is an indispensable party, a violation of FRCP, Rules 17(a) and 19(a).

    3. Under <u>GONZALEZ vs. CROSBY</u>, 545 U.S. ---, 162 L.Ed.2d 480, 125 S.Ct. --- (2005), it was held that, "...In a federal habeas corpus case ...prisoner's motion invoking Rule 60(b) for relief from judgment, is not to be treated as a second or successive ...petition - which would subject to the restrictions on such petitions under §2244(b) - if the motion does not assert or reassert, claims of error in...conviction."

Further, a proper Rule 60(b) motion attacks, not the substance of a federal courts resolution of a claim on themerits but some defect in the integrity of the federal proceedings. Id, 162 L.Ed.2d 480, 497.

Here, the Intervenor and Petitioner raise jurisdictional challenges and fundamental rights challenges to the conviction and sentence of the Intervenor and Petitioner/Defendant, which is "an extraordinary circumstance," justifying relief.

    A. Intervenor and Petitioner contend that the Congressional Record for the 80th Congress was not in Session or Assembled on June 25, 1948, required to pass any Acts of Congress, so dated, as the 80th Congress adjourned on June 19, 1948 and did not reconvene until July 26, 1948. Thus not being "Enacted," Title 18 and 28 of the UNITED STATES CODES, under Title 44 of the UNITED STATES

Page 2

CODE, SECTION 1505, makes unenactedActs of Congress null and void in relation to non promulgated Acts of Congress in the Federal Register and the same non implemented regulations if the CODE OF FEDERAL REGULATIONS as e above menetioned.

 B. Whether the Act of Congress, styled The Controlled Substances Act, of October 27, 1970, was really enacted on said, as by consulting the Congressional Record of the 91st Congress, said Congress adjourned on October 14, 1970, for which the bill H.R. 185831 had passed the House of Representatives but failed to go through the Senate, as Congress Adjourned on October 14, 1970 and did not reconvene until November 16, 1970, such that Title 21 of the UNITED STATES CODE, SECTIONS 801 to 960, entitled The Controlled Substances Act of October 27, 1970, was never properly "Enacted," never promulgated in the Federal Register, nor same being implemented in the CODE OF FEDERAL REGULATIONS, such that under Title 44 of the UNITED STATES CODE, SECTION 1505, not having general and legal effect on the Intervenor or Petitioner/Defendant in criminal proceeding 00-CR-00126-N.

 C. Whether the UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA IN THE NORTHERN DIVISION (USDC), an Article I legislative court had jurisdiction to convict and sentence the Intervenor and Petitioner/Defendant of a non-crime against the UNITED STATES OF AMERICA ?

 D. Whether the district court of the United States in the Middle District of Alabama in the Northern Division (DCUS), an Article III, constitutional court was the right jurisdiction for any prosecution against the Intervenor and the Petitioner/Defendant ?

 E. Whether the Special Agent of the FEDERAL BUREAU OF INVESTIGATION, DRUG ENFORCEMENT ADMINISTRATION, A MULTI-TASK FORCE, or any other LAW ENFORCEMENT AGENT FOR THE UNITED STATES, initiate a federal criminal prosecution under Title 28 of the UNITED STATES CODE, SECTION 547(2), with Congressional Authority?

 F. Whether the Intervenor, Gonzalo: Murillo is a surety for GONZALO MURILLO, and if so, by what uncontrovertible evidence does this authority come from and

Page 3

whether it was willingly, knowingly or intelligently made ?

G. If not so, then as the UNITED STATES ATTORNEY did not witness said crime , does not have firsthand knowledge of said crime, how then can Intervenor and Petitioner/Defendant be charged with a crime ?

H. Whether the Intervenor and Petitioner/Defendant was entitled to all discovery in federal criminal proceeding 2:00-CR-00126-N, such that the failure of the Court and the Office of the United States Attorney refusing toprovide the Bid Bond SF-24, the Performance Bond, SF-25 and the Payment Bond SF-25A, in order for the Intervenor to close this escrow account/case was prejudicial, as the Intervenor was taken wihtout any consideration whatsoever ?

I. Whether the FEDERAL RULES OF CRIMINAL PROCEDURE (FRCrmP), Rule 11 can over ride a Constitutional Mandate, Article III, Section 2, Clause 3, on this Court ?

J. Whether Intervenor and Petitioner/Defendant was entitled to cross-examine the UNITED STATES OF AMERICA in a public forum, in criminalproceeding 2:00-CR-00126-N ?

Accordingly, it is plain on its face, the UNITED STATES MAGISTRATE JUDGE thought that <u>CALDERON vs. THOMPSON</u>, 523 U.S. 538, 140L.Ed.2d 728, 118 S.Ct. 1489 (1998) disposition applies to this case. I think otherwise. To begin with, the first habeas appeal did not mention these jurisdictional or constitutional claims, as they are newly discovered evidence, for which these said claims were never addressed, as this instant action does not present a revisitation of the merits. Rule 60(b) is often used to relieve parties from the effect of a default judgment mistakenly entered against them, with reference to <u>KLAPPROTT vs. UNITED STATES</u>, 335 U.S. 601, 615, 93 L.Ed. 266, 69 S.Ct. 384 (1949), a function as legitimate in habeas corpus cases as in civil run-of-the-mill cases. The Rule also preserves parties opportunity to obtain vacatur of a judgment that is void for lack of subjectmatter jurisdiction, as herein, a consideration just as valid in habeas cases as any other, since absence of jurisdiction altogether

Page 4

deprives a federal court of hte power to adjudicate the rights of the parties, with reference to STEEL CO. vs. CITIZENS FOR A BETTER ENVIRONMENT, 523 U.S. 83, 94, 101, 140 L.Ed.2d 210, 118 S.Ct. 1003 (1998).

Here, the district court failed to reach any of the jurisdictional or fundamental rights claims raised by the Intervenor or Petitioner/defendant, thus it is not equivalent of a successive habeas petition. The district court and UNITED STATES MAGISTRATE JUDGE plainly erred in holding that Intervenor and Petitioner/Defendant did not qualify even to seek Rule 60(b)(4) relief.

4. Under Title 28 of the UNITED STATES CODE, SECTION 636(c)(1), these parties did not consent to a UNITED STATES MAGISTRATE JUDGE sitting in this instant action nor would they if they could, such that a local court rule does not have precedent over a statute.

5. According to HAGANS vs. LAVINE, 415 U.S. 528, 39 L.Ed.2d 577, 94 S.Ct. 1372 (1974), there is no time limitation under federal or common law to raise jurisdictional challenges, such that jurisdiction must be reflected in the record of the proceeding and it is the UNITED STATES OF AMERICA, that must prove said jurisdiction from the record of 2:00-CR-00126-N.

6. The law on voids states that if the court was without jurisdiction to adjudicate the matter, then from its inception, the date of arrest, all proceedings are void on its face and all orders, judgments and decrees are ultra vires orders, judgments and decrees.

7. That this Court has violated the doctrines of BOAG vs. MACDOUGALL, 454 U.S. 364, 70 L.Ed.2d 551, 102 S.Ct. 700 (1982); HAINES vs. KERNER, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972) by refusing to stamp-file the pleadings of the Intervenor and Petitioner of August 14, 2006 and August 24, 2006, as Intervenor and Petitioner/Defendant are pro-se, such that the stamping of received is not filed and a violation therein, which is prejudicial as the court now will not conduct review of said documents.

## II. CONCLUSION

WHEREFORE, all premises having been duly considered, it is moved that the RECOMMENDATIONS of the Chief Magistrate Judge be vacated and this instant action be allowed to go forward with responses by Affidavit on a point-by-point basis to the Intervenor's and Pettiioner/Defendants claims.

IT IS FURTHER ORDERED, that all pleadings will address all real parties in interest and service of process will include all parties.

MOREOVER, it is ORDERED, that in the alternative that this Requests are denied that the mandate of this Court be stayed until an Interlocutory decision from the Eleventh Circuit can be obtained.

## III. VERIFICATION

Under the pains and penalties of perjury, under the laws of the United States and the Constitution of the United States, for the united States of America, without the United States, a pulic federal government corporation, and to the best of my current information, knowledge and belief, that the aforegoing is true, correct and materially certain, so help me God.

/By/ _Gonzalo Murillo_                                    9-24-06
Gonzalo: Murillo, Lawful man, All Rights Reserved       Date

## IV. CERTIFICATE OF SERVICE

On this 24th day of September 2006, copies of this instrument were caused to be placed into the United States Mail Service, postage pre-paid to the Office of the United States Attorney for the Middle District of Alabama, the Eleventh Circuit Court of Appeals and Representative Sensenbrenner.

/By/ _Gonzalo Murillo_                                    9-24-06
Gonzalo: Murillo, Lawful man, All Rights Reserved       Date